**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AQUILINO CORTES MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-974

Agency No. A070-933-133

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2023[**]
Pasadena, California

Before: TASHIMA and H.A. THOMAS, Circuit Judges, and RAKOFF,
District Judge.[***]

Petitioner Aquilino Cortes Martinez, a native and citizen of Mexico, petitions for review of a decision of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Board of Immigration Appeals (BIA or Board). The Board dismissed Petitioner's appeal of a decision of the Immigration Judge (IJ), who denied his application for cancellation of removal for a non permanent resident under 8 U.S.C. § 1229b(b)(1). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1.      The IJ did not violate Petitioner's due process rights by refusing to admit his late-filed evidence. Petitioner does not explain how the exclusion of the evidence prejudiced him. *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 804 (9th Cir. 2013) (stating that a petitioner "must demonstrate error and substantial prejudice to prevail on a due process claim"). The excluded evidence included declarations from his parents, letters from his children's school, and medical records. However, the IJ heard testimony about the issues addressed in the excluded evidence, including Petitioner's parents' health issues, his children's issues, and his parents' dependence on him for help. Petitioner thus has not shown that the proceeding "was so fundamentally unfair that [he was] prevented from reasonably presenting [his] case." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010)).

2.      The IJ did not fail to take into account all of the evidence presented. Petitioner has not identified any evidence that the IJ purportedly failed to consider. Accordingly, there was no error in the IJ's determination that Petitioner failed to demonstrate that his removal would result in "exceptional and extremely unusual hardship," a determination sufficient to support the IJ's rejection of Petitioner's application for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D); *Tampubolon v. Holder*, 610 F.3d 1056, 1063 (9th Cir. 2010).

3.      We decline to consider Petitioner's claim that the Notice to Appear was insufficient to stop the accrual of time necessary to establish Petitioner's continuous presence in the United States because he did not raise it

before the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challanged." (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020))).

The petition for review is **DENIED.**